# Frill *v.* Johnson et al., Appellants.

*Trusts—Deed of trust—Construction—Vested and contingent remainders.*

A deed of trust was made conveying land to trustee to hold for the benefit of Rosa C. Frill for and during her natural life, with power to the trustee to sell the property at the direction of Rosa C. Frill. In the event of her death without having made such direction, the deed provided that the land should descend and become vested in the children of the said cestui que trust.

The power to sell was not exercised. The cestui que trust had three children, one of whom died before his mother, leaving to survive him two children.

*Held,* that the children of Rosa C. Frill acquired a vested interest and that the interest of one of the children passed upon his death to his issue.

Argued November 10, 1920. Appeal, No. 292, Oct. T., 1920, by Elizabeth Johnson, from judgment of C. P. Berks County, Oct. T., 1920, No. 1, in favor of the plaintiff in the case of George H. Frill, Jr., v. Elizabeth Johnson, Hannah Frill, Charles E. Frill, The Reading Trust Company, guardian of John Frill a minor. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

600, (1921).]          Opinion of Court below.

Case stated to determine title to real estate. Before WAGNER, J.

The court below entered judgment in favor of the plaintiff in the following opinion:

In this case stated we have these facts: Emma E. Johnson and George H. Johnson, her husband, by deed dated August 20, 1903, conveyed to Henry C. Geissler premises located at 1042 North Fifth Street, Reading, Pa.

"To have and to hold the said piece or parcel of land with the appurtenances, hereby granted, or intended so to be, unto the said Henry C. Geissler, his heirs and assigns, forever; in trust, nevertheless, and for the uses following, and none other, that is to say, for the sole and separate use of Rosa C. Frill, the wife of Charles E. Frill, of Reading, county and state aforesaid, for and during her natural life, and so as she alone, or such person as she shall appoint, shall take and receive rents, issues, and profits thereof, and so as her said husband shall not in any wise intermeddle; with power to the said Henry C. Geissler to sell and convey, in fee simple, the whole or any part of the aforesaid premises and appurtenances, to any person or persons, and for such sum or sums of money as the said Rosa C. Frill by writing under her hand and seal, and duly acknowledged at any time during her natural life may appoint and direct; and should the aforesaid described premises remain unsold at the death of the said Rosa C. Frill, it shall descend to, and become vested in fee, in the children of the said Rosa C. Frill, their heirs and assigns."

At the time of this conveyance, Rosa C. Frill had three children, Emma E. Johnson, John E. Frill and George Frill. George Frill died before his mother Rosa C. Frill, leaving to survive him two children, George H. Frill, Jr., plaintiff, and John Frill. Rosa C. Frill died November 26, 1917, leaving to survive her two children, Emma E. Johnson and John E. Frill, and the two grandchildren aforesaid. The power to sell was not ex-

ercised during the lifetime of Rosa C. Frill. Subsequent to the death of his grandmother, the plaintiff brought an action of partition of the aforesaid premises. The parties to this proceeding request "in case the court finds George H. Frill, the plaintiff is not entitled to partition, judgment is to be entered in favor of the defendants, otherwise judgment is to be entered in favor of the plaintiff."

The determination of the case depends upon whether the interest given to the children of Rosa C. Frill in said premises vested at the time of the delivery of the deed or only upon her death. If it vested at the time of the giving of the deed, then the interest of George Frill, one of the three children of Rosa C. Frill, upon his death passed to his two children of whom the plaintiff is one.

There is nothing in the deed of trust that expressly indicates that George Frill or his children are not to take under the deed in case of his death prior to that of his mother. "The law leans to vested rather than to contingent estates, and the presumption is that a legacy is vested: Carstensen's Est., 196 Pa. 325; Tatham's Est., 250 Pa. 269; Neel's Est., 252 Pa. 394; Rau's Est., 254 Pa. 464"; Marshall's Est., 262 Pa. 145, 147. In Bair's Est., 255 Pa. 169, at p. 174, we have: "'The law favors vested rather than contingent estates and unless it clearly appear from the context or the circumstances of the case that a contingent interest was intended, the remainder will be regarded as vesting at the death of the testator and not at the expiration of the life tenancy': Bache's Est., 246 Pa. 276 (279); Tatham's Est., 250 Pa. 269; See also McClure's Est., 72 Pa. 414."

The test to be applied to determine the question whether an interest is vested or contingent is thus stated in Hood v. Maiers, 255 Pa. 128, on p. 131: "'The question of vested or contingents is not to be tested by the certainty or uncertainty of obtaining the actual enjoyment; for that would make the character of the estate depend, not upon the terms of its creation, but on the

form of the result. Neither does it depend upon the defeasibility or indefeasibility of the right of possession; for many estates are vested without possession, as well as with, which are yet defeasible. If there is a present right to a future possession though that right may be defeated by some future event, contingent or certain, there is nevertheless a vested estate." See also Neel's Est., 252 Pa. 394; Long's Est., 228 Pa. 594, 599.

It is plain that if the power to sell had not been given in the deed, that then there could hardly be any question but that the interest of the children became vested upon the giving of the deed. We would then have a life estate in Rosa C. Frill with a remainder over to her children.

The defendants contend that because of this right to dispose of the property, the interest given to the children is contingent and not vested. In President & Fellows of Harvard College v. Balch, 49 N. E. 543, the testator bequeathed the property to a trustee to invest and use the income to support a son, the son to have power to dispose of the property by will in the family, with the provision that if not disposed of the whole sum remaining on the death of the son to be divided among the testator's other children. In that case it was held that the other children had a vested remainder subject to be divested by the execution of the power. On page 544, the court says: "These persons to whom the remainder was given were determined and in being, and had a present capacity of taking the estate in remainder at the death of John Hancock, if the life estate in Franklin had then terminated. There was no uncertainty as to who should take the remainder, and it was not limited to dubious, or uncertain persons. So, also, the time when the remainder would come into possession, unless divested, was one which must necessarily occur in the efflux of time. It is true that in the will there is a provision that the trustee or Franklin might exercise a power which would divest the remainder. The power conferred upon Franklin was to dispose of the share in the family, but it is well settled

604 · FRILL *v.* JOHNSON et al., Appellants.

Opinion of Court below—Assignment of Error. [75 Pa. Superior Ct.

that such a power of appointment does not prevent the vesting of an estate in default of an exercise of the power; and in such a case the estate vests, subject to be divested by the execution of the power. There is no estate limited under the power until it is exercised, and the appointment made; and in default of the appointment the estate is vested, athough the power exists. There cannot be any doubt that the power in Franklin to dispose of the share by will in the family did not prevent the vesting of the remainder in Charles Lowell, or render it contingent: 4 Kent. Comm. 324; 2 Sugd. Powers, c. 2, par. 4."

In Reeder's Est., 254 Pa. 85, the testator bequeathed the entire balance of his property, both real and personal, to use as his wife saw fit, and if at her death anything should be left, said remaining property should be equally divided between his three children, naming them. There it was held that one of the three children who died during the lifetime of the wife had a vested remainder upon the death of the father, liable to be divested by the widow's consumption if she should have chosen to exercise the power given her to consume. See also Evan's Est., 155 Pa. 646; Keene's Est., 16 Dist. R. 538; Freeman's Est., 33 C. C. R. 99; Hawkins et al. v. Bohling et al., 48 N. E. 94; Dana v. Dana et al., 70 N. E. 49; Whitman et al. v. Huefner et al., 108 N. E. 1054; Danforth v. Reed et al., 82 Atl. 699.

We consider that under the deed the three children acquired a vested interest in the property under consideration at the time of the delivery thereof to Henry C. Geissler; that the interest of one of these children, George Frill, upon his death passed to the plaintiff, his son; and that the son has an interest in the premises.

We therefore direct judgment to be entered in favor of the plaintiff.

*Error assigned* was the judgment of the court.

*Elwood H. Deysher,* and with him *Caleb J. Bieber,* for appellant.—The child of the cestui que trust, who died in her lifetime, acquired no interest in the premises in question: Kuhland v. Cox, 94 Ill. 400; Cecil v. Smith, 44 Pa. Superior Ct. 274, 279; Todd's Est., 33 Pa. Superior Ct. 117, 121; Peoples S. Bank v. Denig, 131 Pa. 241; Koenig's App., 57 Pa. 352; Bacon's App., 57 Pa. 504; Dodson v. Ball, 60 Pa. 492; Ogden's App., 70 Pa. 501; Wallace v. Denig et al., 152 Pa. 251; Sager Guardian v. Galloway, 113 Pa. 500.

*C. W. Matten,* for appellee, cited: Bache's Est., 246 Pa. 276; Com. v. Hackett, 102 Pa. 505; Reeder's Est., 254 Pa. 85; Dodson v. Ball, 60 Pa. 492; Ogden's App., 70 Pa. 501; Williams's App., 83 Pa. 377; Ash's App., 80 Pa. 497; Kellerman's Est., 52 Pa. Superior Ct. 413.

PER CURIAM, March 5, 1921:

The parties to this action agreed upon the controlling facts in the form of a case stated, which was submitted to the court below and was disposed of by the learned trial judge in an opinion which covers every phase of the questions involved in the assignments of error.

We consider the opinion self-sustaining, and for the reasons given therein the judgment is affirmed.